## IN THE UNITED STATES
## DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON EDGERTON | : | |
| Plaintiff | : | CIVIL ACTION NO. _____ |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF PHILADELPHIA POLICE | : | |
| DEPARTMENT, | : | JURY TRIAL DEMANDED |
| P/O BRANDON RUFF, BADGE# 9594, | : | |
| individually and in his official capacity, | : | |
| P/O BARRY GRIER, BADGE# 5114, | : | |
| individually and in his official capacity, | : | |
| C/O Legal Department | : | |
| 1515 Arch Street | : | |
| Philadelphia, PA 19102 | : | |
| Defendants | : | |

## COMPLAINT

### I.  JURISDICTION AND VENUE

1.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth, and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1985(3).

2.     The Court has jurisdiction in this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28

U.S.C. § 1331.

3.     Plaintiff also invokes the supplemental jurisdiction of this court to hear and decide claims

arising under the state law.

### II.  PARTIES

4.     All preceding paragraphs are re-alleged herein as if fully set forth at length below.

5.      Plaintiff Jason Edgerton is a citizen and resident of Voorhee, New Jersey.

6.      Defendant City of Philadelphia (hereinafter "City") is a municipal corporation organized

        and existing under the laws of Commonwealth of Pennsylvania as a city of the first class.

        In this cause of action, the City acted or failed to act through its agents, employees,

        servants, who are or were policy-makers for the Philadelphia Police Department and for

        the conduct of the police officers employed by the department.

7.      At all times relevant hereto, Defendant Grier, Badge No. 5114 (hereinafter "Grier") was a

        police officer of the Philadelphia Police Department and was acting in such capacity as an

        agent, servant and employee of the City of Philadelphia and its Police Department, and

        was acting under the direction and control of the City and its Police Department and was

        acting pursuant to either official or unofficial policy or the custom, practice, and usage of

        the City and its Police Department.

8.      At all times relevant hereto, Defendant Grier acted under color of laws, statutes

        ordinances, regulations, policies, customs, practices, and usages of the Commonwealth of

        Pennsylvania, the City of Philadelphia, and the Philadelphia Police Department and

        pursuant to his authority as a police officer of the Department and the City.

9.      At all times relevant hereto, Defendant Officer Ruff, Badge No. 9594, was a police

        officer of the City of Philadelphia Police Department, and was acting under the direction

        and control of the City and its Police Department, and was acting pursuant to either

        official policy, or the custom, routine, practice and usage of the City of Philadelphia and

        its Police Department.

10.     At all times relevant hereto, under color of laws, statutes, ordinances, regulations,

customs, policies, practices and routine of the Commonwealth of Pennsylvania, the City

of Philadelphia and the Philadelphia Police Department and pursuant to his authority as

police officer of the Department and the City.  These individuals, the defendants, acted

jointly and severally to deprive Plaintiff of rights secured to him under the United States

Constitution, Federal Statutes and the laws of the Commonwealth of Pennsylvania.

**FACTS COMMON TO ALL COUNTS**

11.     All preceding paragraphs are re-alleged herein as if fully set forth below.

12.     On or about January 9, 2008 at approximately 11:30 P.M., after leaving work, Plaintiff

        Jason Edgerton was en route to his brother, Eddie Edgerton's, home located at 1525 Napa

        Street, Philadelphia, Pennsylvania 19146.

13.      At or about the same time Plaintiff was approached by two Philadelphia police officers

        on the 1300 block of South Hollywood Street, Philadelphia, Pennsylvania,  who began

        cursing at him and questioning him as to where he was coming from.

14.     Plaintiff questioned the reason for the officers' interrogating him.

15.     As a result of Plaintiff's questioning, the police officers became enraged.  One of the

        officers grabbed Plaintiff's left arm and twisted it. While having his arm twisted, Plaintiff

        was hit forcefully with a forearm across the face and knocked to the ground.  This

        rendered him unconscious.

16.     As Plaintiff regained consciousness, he was repeatedly kicked and stomped about the face

        and both sides of his body by the two officers.

17.     The Plaintiff did not fit the description (red shirt) of the person police were looking for.

18.     The Plaintiff, who had just finished his shift and had left his employment for the night,

        was wearing a blue shirt at the time.

19.   As a result of numerous blows to the head and body, Plaintiff was taken semi-conscious

      to an emergency police wagon to Thomas Jefferson Hospital, Philadelphia, Pennsylvania,

      where he stayed for Fifteen (15) hours while still in police custody.

20.   After receiving medical treatment, the Plaintiff was charged with Resisting Arrest,

      Disorderly Conduct, Recklessly Endangering Another Person, and Harassment.

21.   On July 15, 2008, the Plaintiff appeared for trial, Judge Lydia Kirkland presiding. After

      hearing evidence from all parties, the Honorable Judge found Plaintiff not guilty of all

      charges.

22.   From the evidence presented at trial, at no time did Plaintiff assault Defendant officers or

      made offers of violence, or threaten them.

23.   Plaintiff was severely beaten repeatedly by Officers Grier, Badge # 5114 and Ruff, Badge

      # 9594, causing him serious bodily injuries and trauma to his entire person, specifically

      his head, including his nose, eyes, and cranial area.

24.   After conducting X-ray, ultrasound, and CAT scan studies, the findings revealed a

      complex fracture, including a fracture extending through the malar eminence and

      extending into the most inferior portion of the right lateral orbit (eye), and into the

      zygomatic arch. There is also an associated fracture of the anterolateral maxillary sinus

      (nose).

25.   Due to the injuries as stated above, the Plaintiff presently suffers from loss of memory

      and chronic headaches.

26.   The Plaintiff continues to treat for these injuries.

**COUNT I  -  Assault / Battery**

27.   All preceding paragraphs are re-alleged herein as if fully set forth below.

28.   The act of unlawful beating and offensive touching of Jason Edgerton by Defendants

Grier and Ruff were intentional.

29.   The conduct herein described, and attributable to Grier and Ruff, was completely

unjustified and without reason.

30.   As a result of the physical attack committed by Defendants, Plaintiff was caused to suffer

serious and permanent bodily injuries as heretofore described.

31.   As a result of the physical attack on Plaintiff by Defendants, Plaintiff has a continuing

need for future medical and psychological treatments.

32.   The physical attack on Plaintiff by Defendants was malicious, mentally and physically

abusive, wanton, outrageous and intentional, thereby entitling Plaintiff to punitive

damages against Grier, and Ruff in their individual capacities.

WHEREFORE, it is respectfully requested that this Honorable Court enter a judgment

against Defendants in an amount in excess of $250,000.00 plus interest, costs, punitive damages

and attorney's fees and any other relief which the Court deems just.

## COUNT II - Intentional Infliction of Emotional Distress

33.   All preceding paragraphs are re-alleged herein as if fully set forth below.

34.   The unjustified and illegal attack maliciously and intentionally places this law-abiding

citizen, who had never been arrested before, in a mental state of permanent neurological

disorder.

35.   As stated above, the direct and proximate result of Defendants' conduct has caused severe

emotional distress, mental anguish, humiliation and pain to Plaintiff.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment

against Defendants, jointly and severally, for damages in excess of $250,000.00, plus interest,

costs, punitive damage, and attorney's fees.

Respectfully submitted,

**BY:** _____

**S. Timothy A. Crawford, Esquire**
**Attorney For Plaintiff, Jason Edgerton**